IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARION DENNIS MURRAY, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-088 |
| | ) | |
| AIMEE SMITH, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

### I.  BACKGROUND

Petitioner reports he was convicted in 1987 in the Superior Court of Richmond County, Georgia for felony murder, kidnapping with bodily injury, criminal negligence, obstruction of justice, and obstruction of process. (Doc. no. 1, p. 1.) Based on Petitioner's previous filings with this Court, the Court is aware Petitioner filed a habeas corpus petition in the Superior Court of Habersham County. See Murray v. Thompson, CV 104-073, doc. no.

---

[1]The Court **DIRECTS** the **CLERK** to update the spelling of Respondent's name on the docket in accordance with the caption of this Order.

1, p. 2 (S.D. Ga. June 2, 2004) (hereinafter "CV 104-073").[2]  Although Petitioner does not expressly state he filed any previous federal habeas corpus petitions, the Court is aware Petitioner filed federal habeas corpus petitions in 2001, 2004, and 2011, challenging his 1987 conviction.  See Murray v. Taylor, CV 111-099 (S.D. Ga. Aug. 8, 2011) (hereinafter "CV 111-099"); Murray v. Taylor, CV 111-076 (S.D. Ga. May 31, 2011) (hereinafter "CV 111-076"); CV 104-073; Murray v. Thompson, CV 104-051 (S.D. Ga. April 15, 2004) (hereinafter "CV 104-051"); Murray v. Battle, CV 101-015 (S.D. Ga. July 9, 2001) (hereinafter "CV 101-015").  In his first federal petition, like the instant petition, Petitioner failed to articulate any discernable grounds for relief.  CV 101-015, doc. no. 1.  After Petitioner twice failed to follow the Court's instruction to file a properly completed § 2254 petition, United States District Judge Dudley H. Bowen, dismissed the petition with prejudice for failure to follow Court orders.  Id., doc. no. 22.

Petitioner's subsequent petitions were dismissed as successive based on Petitioner's 2001 petition.  See CV 111-099, doc. no. 13; CV 111-076, doc. no. 5; CV 104-073, doc. no. 3; CV 104-051, doc. no. 5.  On June 25, 2020, Petitioner filed the instant request for federal habeas corpus relief, which does not request any discernable grounds for relief and consists primarily of nonsensical legal jargon concerning ancillary jurisdiction.  (See generally doc. no. 1.)  Petitioner does not allege he requested a Certificate of Appealability to appeal to the Eleventh Circuit Court of Appeals.

---

[2]Because the Court may take judicial notice of another court's records to establish existence of related filings, as well as of its own records, the Court quotes liberally from its prior Report and Recommendations.  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

## II. DISCUSSION

Because Petitioner filed prior applications for a federal writ of habeas corpus, the current application is successive. The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner has not been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. In fact, the Eleventh Circuit rejected Petitioner's prior request to file a second or successive petition. See In re: Marion Murray, No. 11-12383-D. Without such authorization, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because petitioner did not first file application with Eleventh Circuit).

**III.   CONCLUSION**

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA